### In the Matter of Heidi A. KENDALL–SAGE.

No. 39S00–0605–DI–157.

Supreme Court of Indiana.

July 24, 2006.

### ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating agreed facts and proposed discipline as summarized below:

**Facts:** In May 1997, a client hired respondent to represent her in a claim for damages arising from a traffic accident. Respondent failed to file the lawsuit within the two-year statute of limitations and failed to notify the client that the lawsuit had not been timely filed. Over the next 6 years, the client tried unsuccessfully to contact respondent to discuss the status of the case or to obtain copies of pleadings. In March of 2004, respondent notified the client that the case had settled for $10,000. There was no settlement and respondent paid the client out of her own funds. Additionally, respondent paid $3,576 to the client's dentist. Because respondent had not consulted the client before the "settlement", the client eventually checked into the matter further and, in October 2004, discovered that respondent had not filed a lawsuit. The client sought counsel to file a malpractice action against respondent, which settled for $165,000.

**Violations:** Respondent violated Ind. Professional Conduct Rule 1.2(a), which requires a lawyer to abide by a client's decisions concerning the objectives of the representation; Prof.Cond.R. 1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client; Prof.Cond.R. 1.4(a), which requires a lawyer to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information; and Prof.Cond.R. 8.4(c), which prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

**Discipline:** Sixty (60) day suspension with automatic reinstatement.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline, effective August 14, 2006. Costs of this proceeding are assessed against the respondent. The Court further finds that with the acceptance of this agreement the hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

All Justices concur.